IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNITED STATES OF AMERICA                                                    RESPONDENT


v.                                          Criminal No. 4:03-CR-40008
                                            Civil No. 4:08-CV-4087


LAIF DOUGLAS POULTON                                                          MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 (Doc. 31)[1] filed herein by LAIF DOUGLAS POULTON, (hereinafter referred to as

"Movant")  an inmate confined in the Arkansas Department of Corrections.[2] The Motion was

referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.  Background**[3]:

Movant was indicted for wire fraud on March 12, 2003.  (Doc.  1).  On June 27, 2003, he

entered a plea of guilty to the charges.  (Doc.  15).  Movant was sentenced on October 24, 2003, to

a term of twenty-four (24) months imprisonment to be followed by three (3) years of supervised

---

[1]References to pleadings contained in the Court's file will be to the docket number (Doc. ___).

[2]Movant is attacking a Federal sentence, imposed as the result of a supervised release violation, which will be served at the completion of his state court sentence.  Movant filed his original Motion (Doc.  31) on September 19, 2008, he subsequently filed supplements on October 16, 2008 (Doc. 37), and February 3, 2009 (Doc.  49).  Additionally, Movant replied to the Response filed by the Government.  The Court has considered all of the allegations in Movants various pleadings in this RR and will refer to those pleadings collectively as "the Motion."

[3]The background in this case is taken from the pleadings of the parties in the pending motions and the Court's files from the underlying criminal case.

release.  (Doc. 21 ).  One of the conditions of any future supervised release was that Movant not commit any federal, state, or local crime.  (Doc. 21, pg. 3).    Movant was released from federal custody on September 8, 2005 and commenced service of the term of supervised release.  (Docs. 24, 25).

On or about April 1, 2008, Movant was convicted of Theft of Property and two counts of Forgery in the Circuit Court of Washington County, Arkansas.  He was sentenced to a total of 120 months in the Arkansas Department of Corrections.  (Doc. 25).[4]   As a result of this criminal conviction, on April 4, 2008, the United States Probation Office filed a Report on Offender under Supervision (Doc.  25) and requested the issuance of a warrant for the arrest of the Movant.  United States District Judge Harry F. Barnes ordered the issuance of a warrant based on this alleged violation on April 4, 2008.

The Court set a hearing for April 10, 2008, on the requested revocation of supervised release. Mr. John F. Stroud, III, was appointed to represent Movant at the Revocation Hearing.  (Doc.  27). At the hearing the Movant admitted the allegations in the petition to revoke supervised release. (Doc. 28).  Following the hearing the Court revoked Movant's supervised release and sentenced him to a term of imprisonment of twenty-one (21) months, such term to be served consecutively to the 120 month state court sentence imposed on April 1, 2008.  (Doc.  30).

Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on September 19, 2008.[5]  (Doc.  31).  In his Motion, and various supplements, Movant alleges (1) the revocation was not done in a "reasonable manner" in that the United States

---

[4]Movant's sentence was a 180 months on the theft with 60 months suspended and 120 months on each of the forgery counts, all to run concurrently.

[5]The motion is styled "Petition to Correct Sentence Imposed in an Illegal Manner" and the Court construes this as a Motion to Vacate or Correct Sentence pursuant to Title 28 United States Code Section 2255.

Probation Office waited over nine (9) months after learning of the state charges to file the petition to revoke, (2) Movant did not have timely notice of the revocation hearing, (3) Movant has been subjected to double jeopardy, and (4) the United States Probation Office indicated that any sentence imposed in the revocation proceeding "had to be consecutive to my state sentence.  This is clearly not the case."

The United States of America (hereinafter the "Respondent") first asserts that there was no unreasonable delay in presenting the petition to revoke supervised release.  Secondly, the Respondent asserts that the Double Jeopardy Clause is inapplicable in this instance as one proceeding occurred in state court and the other in federal court.  Finally, the Respondent states that there is no evidence in the record to establish that the Court was unaware it had discretion to order concurrent sentences here.

**B.  Standards for Relief Pursuant to Section 2255**:

1.  Relief on the Merits of the Claims.  Title 28 United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, to prevail on a § 2255 motion, the movant must demonstrate a violation of the Constitution or the laws of the United States.  *See Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003).  A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'"  *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting

*Davis v. United States*, 417 U.S. 333, 343 (1974)). *Accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

Section 2255 relief *is not* available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice ("actual innocence"). *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir.1988) (*per curiam*). The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002). Further, the movant must show there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense. *See id.*

To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense]." *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

2.  Entitlement to an Evidentiary Hearing.   A Section 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. This Court has discretion in determining

-4-

whether to hold an evidentiary hearing. *See Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001)("We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion."). In order to determine if a movant under § 2255 is entitled to an evidentiary hearing, the Court must consider the validity of his claim for § 2255 relief. *See id.* More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)).

In this case, the Court concludes that no evidentiary hearing is required. Neither Movant nor Respondent requests such a hearing and, more importantly, the record shows that Movant is entitled to no relief on any of his claims, as is explained in more detail below. *See* 28 U.S.C. § 2255; *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005).

**C.  Discussion of Specific Claims**:

1.  Unreasonable Delay in Filing Petition to Revoke. Movant claims the revocation of his supervised release was unreasonable because "the Probation Officer (Mike Scott) started his investigation in August 2007 and waited over 9 months to file a violation. Thus denying the petitioner the chance to deal with the Federal charges before the State charges." (Doc. 31, pg 1). The Respondent first asserts the Movant is barred from making this claim because Movant failed to raise this issue at the revocation hearing and thereafter failed to appeal the Order of Revocation.

At the revocation hearing on April 10, 2008, the Court informed Movant of the charges against him, informed him of the date of the filing of the Petition, and appointed counsel to represent

Movant.  Movant thereafter admitted the allegation in the Petition, namely that he had been convicted of a felony offense in Arkansas state court.  The Court then informed Movant of the intended sentence to be imposed and asked Movant if he had any objection to that sentence.  Movant indicated no objection.

Movant's failure to object to the proceeding or the time of the proceeding prevents him from raising that issue now.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).  Further, to overcome this general rule the Movant must show both cause for the failure to object and actual prejudice.  "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *See Johnson v. United States*, 278 F.3d at 844.   Movant did not have either a statutory or constitutional right to have his federal sentence run concurrently with his prior state sentences.  Movant does not allege he was prejudiced or impaired in his ability to contest the revocation, in fact he pled true to the allegation.  Rather, he is simply unhappy with the sentence imposed.

Finally, the "Sixth Amendment speedy trial right does not apply to supervised release revocation proceedings, which are not stages of a criminal prosecution."  *United States v. House*, 501 F.3d 928, 930 (8th Cir. 2007) citing *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir.1994).   In this case, the petition to revoke Movant's supervised release was filed three (3) days after he pled guilty in state court.  The hearing was held ten (10) days later.  There was no unreasonable delay in this case.

2. Untimely Notice of Revocation Hearing.  Movant asserts he was not timely notified of the revocation hearing.  As noted above the petition was filed on April 4, 2008 and Movant was arrested that same day.  The hearing was held on April 10, 2008, and Movant was appointed counsel to

represent him in the revocation hearing.  Movant was advised of his rights against nonincrimniation, to a hearing, to the presumption of innocence, and of the right to counsel.  The Court also advised Movant that he had a right to a hearing and time to prepare for that hearing.  Following the advice of rights at the revocation hearing, the following exchange took place between the Court and the Movant specifically regarding the issue of time to prepare:

> THE COURT:  Now, if you need more time - do you need more time?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:  Okay, would you like then to proceed?
>
> THE DEFENDANT:  Yes, sir.

Movant affirmatively indicated he was ready to proceed.  He had counsel present.  He did not object to the proceeding going forward.  He pled true to the allegations and does not now assert that he did not commit the violations alleged.  He was offered more time to prepare and declined that offer from the Court.  There is no prejudice here and no constitutional violation.

3.  Double Jeopardy.  Movant makes the bald allegation that he is being subjected to unconstitutional double jeopardy because of the sentence imposed.  As stated above Movant was sentenced in this case originally for mail fraud and he served the initial portion of that sentence.  Then during the term of supervised release, which is also a part of his original sentence, he committed a new state law crime and was sentenced for that conduct.  The sentence imposed in this is case part of the punishment imposed in Movant's original federal sentence,  for violation of the terms and conditions of supervised release not for violation of Arkansas state criminal law.

The foregoing claim of double jeopardy must fail.  The consecutive sentences ordered are for different crimes committed against different sovereigns, one a federal mail fraud the second an

unrelated state court offense. In a case very similar to the one before this Court, where defendant was sentenced for supervised release violation based on state criminal conduct for which he was given a consecutive sentence, the Court stated, "Smeathers's double jeopardy claim also fails." *Smeathers v. United States*, 986 F.2d 503 (8th Cir. 1993). In fact a defendant may be prosecuted and punished by both the federal government and a state for the same conduct, and the dual punishment by separate sovereigns does not mean an offender " 'has been twice punished for the same offense; but only that by one act, he has committed two offenses, for each of which he is justly punished.' " *United States v. Dennis*, 926 F.2d 768, 769-70 (8th Cir. 1991), quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985). Movant's claim of double jeopardy is without merit.

4. Court mistakenly believed a consecutive sentence mandatory. Finally, Movant asserts the United States Probation Office and the Court mistakenly believed Movant's sentence in the revocation proceeding was a mandatory consecutive sentence. Title 12 United States Code Section 3584 provides for the imposition of multiple terms of imprisonment. Specifically § 3584(a) provides in part: "*Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*." Judge Barnes, prior to imposing sentence, stated: "The intended sentence, as I've indicated, and I'm going to state that first, would be 21 months in the Bureau of Prisons to run consecutively, as required by the law, to any state imposition." Also before imposing sentence Judge Barnes recited Movant's original sentence and his current criminal history classification (category VI, the highest possible). The Court noted that the United States Sentencing Guidelines called for a sentence range of 21-27 months and that the maximum sentence for this violation was 24 months imprisonment. The Court rejected the Respondent's request to give the maximum 24 month sentence and instead sentenced Movant to 21

months, the low end of the advisory guideline.  A review of the entire record shows clearly that the

Court determined that a 21 month  consecutive sentence was appropriate.   There is no evidence or

showing that the Court believed it that a consecutive sentence must be imposed.

**E.  Recommendation**:

      Accordingly, based on the foregoing, it is recommended the instant Motion (Doc. No. 31)

be **DENIED**[6]

      **The parties have ten (10) days from receipt of our report and recommendation in which**

**to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact.  The parties are reminded that**

**objections must be both timely and specific to trigger *de novo* review by the district court.**

      **DATED** this **6th**  day of February, 2009.


         /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir. 1984).*