IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                              Criminal No. 4:03-CR-40008
                                Civil No. 4:08-CV-4087

LAIF DOUGLAS POULTON                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Credit for Spent in Custody (Doc. 32)[1] filed herein by

LAIF DOUGLAS POULTON, (hereinafter referred to as "Movant") an inmate confined in the

Arkansas Department of Corrections.[2]  The Motion was referred for findings of fact, conclusions of

law, and recommendations for the disposition of the case.

### A.  Background[3]:

Movant was indicted for wire fraud on March 12, 2003.  (Doc.  1).  On June 27, 2003, he

entered a plea of guilty to the charges.  (Doc.  15).  Movant was sentenced on October 24, 2003, to

a term of twenty-four (24) months imprisonment to be followed by three (3) years of supervised

release.  (Doc. 21 ).  One of the conditions of any future supervised release was that Movant not

---

[1]References to pleadings contained in the Court's file will be to the docket number (Doc. ___).
References to the transcript of the April 10, 2008 revocation hearing will be (Tr. ___).

[2]Movant also filed a Motion for relief pursuant to 28 U.S.C.§2255 in this matter.  Because that Motion
raises issues distinct from those considered in this Order, the Court files this separate Report and Recommendation.
The issues raised in the Section 2255 motion are addressed in the Court's Report and Recommendation of
February 6, 2009. (Doc. 51).

[3]The background in this case is taken from the pleadings of the parties in the pending motions and the
Court's files from the underlying criminal case.

commit any federal, state, or local crime. (Doc. 21, pg. 3).    Movant was released from federal

custody on September 8, 2005 and commenced service of the term of supervised release. (Doc. 24).

On or about April 1, 2008, Movant was convicted of Theft of Property and two counts of

Forgery in the Circuit Court of Washington County, Arkansas. He was sentenced to a total of 120

months in the Arkansas Department of Corrections. (Doc. 25).[4]  As a result of this criminal

conviction, on April 4, 2008, the United States Probation Office filed a Report on Offender under

Supervision (Doc. 25) and requested the issuance of a warrant for the arrest of the Movant. United

States District Judge Harry F. Barnes ordered the issuance of a warrant based on this alleged

violation on April 4, 2008.

An Order setting a hearing for April 10, 2008, on the requested revocation of supervised

release was entered on April 8.   Mr. John F. Stroud, III was appointed to represent Movant at the

Revocation Hearing. (Doc. 27). At the hearing the Movant admitted the allegations in the petition

to revoke supervised release. (Doc. 28). Following the hearing the Court revoked Movant's

supervised release and sentenced him to a term of imprisonment of twenty-one (21) months, such

term to be served consecutively to the 120-month state court sentence imposed on April 1, 2008.

(Doc. 30).

Movant filed the instant Motion for Credit for Spent in Custody on September 19, 2008.

(Doc. 32). In this Motion, Movant requests that he be credited by this Court for the time spent in

state custody from July 31, 2007 to July 24, 2008. Movant alleges in the motion that he was in the

Washington County Detention Center in Fayetteville, Arkansas, during this time  – a period of 355

days. Movant seeks credit for time served for those 355 days and asserts this Court has the authority

---

[4]Movant's sentence was a 180 months on the theft with 60 months suspended and 120 months on each of
the forgery counts, all to run concurrently.

to do so by entry of a *Nunc Pro Tunc* Order.

## B. Discussion:

Movant asks the Court to credit his federal sentence for time he spent in state custody. Movant claims he was in state custody from July 31, 2007 to July 24, 2008. He was arrested on the Federal warrant issued in this case on April 4, 2008. He pled true to the allegations in the petition to revoke on April 10, 2008, and was sentenced to a term of twenty-one (21) months imprisonment. Judge Barnes specifically gave Movant credit for the six (6) days he was in Federal custody, namely from April 4, 2008, till the day of sentencing. (Tr. 4).

In *United States v. Pardue*, 363 F.3d 695 (8th Cir. 2004), the Court was faced with a nearly identical claim to the one presented here. Pardue was originally sentenced to a term of imprisonment in Federal custody to be followed by a term of supervised release. After his release from imprisonment and while he was serving the term of supervised release, the United States Probation Office filed a petition to revoke his release. *Id.* at 696-97. The basis of the petition was that Pardue had committed new state law crimes while on release. Pardue pled guilty to the state crimes and was sentenced to 288 months in state custody. Thereafter, he pled true to the Federal revocation petition and was sentenced to an additional twenty-four (24) months Federal imprisonment to be served consecutively to the state sentence.[5]   Pardue argued that he should be given credit for time served, and the Court denied this request.

The United States Court of Appeals for the Eighth Circuit held in *Pardue*:

Second, Pardue claims the district court should have given him credit for time served under 18 U.S.C. § 3585(b). Indeed, section 3585(b) calls for a defendant to be given such credit. However, this determination, as the district court correctly observed, is

_____

[5] *See United States v. Pardue*, No. 5:90-CR-50012-JLH, (Doc. 276) (W.D. Ark. April 3, 2003).

-3-

properly left to the Bureau of Prisons. *United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir.1996) (noting the district court did not have authority under 18 U.S.C. § 3585(b) to credit the defendant for time spent in home detention during a previous sentence, and such a claim should first be presented to the Bureau of Prisons). **A district court cannot apply section 3585(b) when sentencing, because computing "the credit must occur after the defendant begins his sentence**." *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). **Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time Pardue has served, should such occur**. *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir.1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241.") (citing *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; 28 C.F.R. §§ 542.10-542.16). **The district court correctly left this credit calculation for time served issue to the Bureau of Prisons**.

*Pardue*, 363 F.3d at 699 (emphasis added).

In this case Movant asks the Court to give him credit for time served in state court. As *Pardue* instructs, the decision to give credit for time previously served on a state sentence should be made by the Federal Bureau of Prisons. If Movant seeks credit for his time served before the Bureau of Prison and exhausts his remedies there with no relief granted, he may then seek judicial review by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The Court also notes that any such petition pursuant to section 2241 should be filed in the either the District where Movant is then confined or in any district where the Federal Bureau of Prisons maintains a regional office. *See United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000).

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion (Doc. No. 32) be **DENIED**[6]

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **25th day of February, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE